UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON KEYS | CIVIL ACTION |
| VERSUS | NO. 18-3734 |
| HARRAHS CASINO, LLC NEW ORLEANS | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Harrah's Casino's motion for summary judgment.[1] Because the barricade on which plaintiff tripped did not present an unreasonable risk of harm, the Court grants the motion.

## I. BACKGROUND

This case arises from an incident in which plaintiff Shannon Keys tripped over a barricade at defendant's casino.[2] Plaintiff visited Harrah's Casino on September 4, 2014 to play the slot machines.[3] As she walked toward the slot machines, she went by a line of metal barricades used for

---

1 R. Doc. 23.
2 *See generally* R. Doc. 1-2.
3 R. Doc. 23-2 at 1 ¶ 1. Plaintiff has not filed a response to defendant's motion for summary judgment. The Court therefore deems the facts provided in the defendant's statement of undisputed facts admitted. *See* E.D. La. Local Rule 56.2.

crowd control that had been erected to block an area in which tile work was taking place.[4] Plaintiff tripped on the leg of a barricade and fell.[5] Plaintiff testified that she did not notice the barricades before her accident, but that she saw them immediately afterward.[6] She testified that the room was adequately lit and that nothing blocked her view of the barricade on which she tripped.[7] No other casino patrons reported similar accidents.[8]

On September 3, 2015, plaintiff filed a petition for damages claiming that defendant negligently failed to supervise its common areas, to maintain a safe working area for the tile work, and to maintain the premises in a safe condition.[9] Defendant removed the case to this Court on April 10, 2018, asserting diversity jurisdiction.[10] Defendant now moves for summary judgment arguing that it was not negligent because the barricades did not present an unreasonable risk of harm under Louisiana Revised Statute 9:2800.6.[11] Plaintiff has not responded to the motion.

---

4    *Id.* at 1-2 ¶¶ 2, 7; R. Doc. 1-2 at 1 ¶ 3.
5    *Id.*
6    R. Doc. 23-2 at 2 ¶ 3.
7    *Id.* ¶ 4.
8    *Id.* ¶ 8.
9    R. Doc. 1-2 at 2-3 ¶¶ 6-7.
10   R. Doc. 1.
11   R. Doc. 23.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

4

## III. DISCUSSION

In Louisiana, a plaintiff seeking damages against a merchant because of a fall on its premises has the burden of proving that: (1) a condition on the premises presented an unreasonable risk of harm, (2) this harm was reasonably foreseeable, (3) the merchant either created or had actual or constructive notice of the condition, and (4) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B).

Defendant argues that plaintiff's claim fails on the first element because she has failed to show that the barricade on which she tripped presented an unreasonable risk of harm.[12] Louisiana courts have not hesitated to grant summary judgment in favor of defendants in cases in which the nature of the condition is undisputed and plaintiff has provided no evidence of any unusual feature of the condition suggesting that it is unreasonably dangerous. *See, e.g.*, *Dowdy v. City of Monroe*, 78 So. 3d 791, 798-799 (La. App. 2 Cir. 2011) ("A review of the jurisprudence reveals that the appellate courts have resolved on motions for summary judgment the issue of whether a condition presented an unreasonable risk of danger."); *Leonard v. Parish of Jefferson*, 902 So. 2d 502, 505 (La. App. 5 Cir. 2005) (affirming trial court's grant of summary judgment where plaintiff slipped

---

[12] R. Doc. 23-1 at 1.

5

on a sidewalk with a height differential of over one inch); *Reitzell v. Pecanland Mall Assocs.*, 852 So. 2d 1229, 1233-34 (La. App. 2 Cir. 2003) (affirming summary judgment when plaintiff slipped on an uneven transition between a walkway and a parking lot because some unevenness is expected in such an area).

Here, the nature of the condition—namely, the protruding leg of the barrier—is undisputed.[13] Plaintiff has the burden of showing that the presence or location of the barrier presented an unreasonable risk of harm. *Labit v. Palms Casino & Truck Stop, Inc.*, 91 So. 3d 540, 546 (La. App. 4 Cir. 2012) ("[I]t is not the burden of the [defendant] to establish that the [condition] was safe; instead, it is the burden of the plaintiffs to show that the [condition] posed an unreasonable risk of harm."). Plaintiff has failed to meet this burden because she does not give any reason for her inability to see the barricade or to step around it.[14]

Objects that are large enough to see easily and are out in the open do not create an unreasonable risk of harm. *See Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 858 (La. 2014) (holding that an owner has no duty to warn others of "a large inanimate object visible to all"); *Depp v. La. Power & Light Co.*,

---

[13] *See* R. Doc. 23-4 at 9 (plaintiff testifying that nothing obstructed her view of the barricades or made them unusual).
[14] *Id.*

645 So. 2d 740, 743 (La. App. 5 Cir. 1994) (holding that there was no unreasonable risk of harm when the object on which the plaintiff tripped was "clearly visible to all"). The barricades in question were three feet tall and were arranged in a line that extended for several meters.[15] Because the barricades were clearly visible, defendant had no duty to mark the barricade or to keep plaintiff away from it. There would be no way for a reasonable person to not see the line of barricades when walking toward it. It was therefore an obvious and apparent condition that was safe for defendant's patrons. *Bufkin*, 171 So. 3d at 859 (affirming summary judgment "because the condition complained of by the plaintiff was obvious and apparent and was reasonably safe for pedestrians exercising ordinary care and prudence").

Louisiana courts have considered similar barricades so obvious that, not only do they assume that the barricades do not constitute a hazard, they have held that similar barricades may be used to direct a plaintiff's attention toward an otherwise hazardous condition. *Sullivan v. Gulf States Utilities Co.*, 382 So. 2d 184, 187 (La. App. 1 Cir. 1980) (upholding determination that defendant was negligent for failing to barricade objects in a parking lot that were difficult to see that night). Indeed, it could have been negligent for plaintiffs *not* to barricade the area in which they were working on the tile.

---

[15] R. Doc. 23-4 at 14.

*See Depp*, 645 So. 2d at 743 ("[I]t is the duty of one doing construction work to properly label, mark or barricade *places in the construction site that present an unreasonable risk of harm to persons using the area.*" (emphasis in original)). Thus, the presence of a barricade clearly does not create an unreasonable risk of harm under Louisiana law.

Accordingly, the Court finds that plaintiff's evidence of the barricade erected in plain sight is not sufficient to create a genuine issue of fact as to whether it was unreasonably dangerous.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __17th__ day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE